# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,

         Plaintiff,

v.

CRAIG BLUMER, SGT. DARRYL FRANKLIN, EDWARD KREMER, GERALD LENNOP, MICHAEL HELMEID, LINDSAY DANFORTH, JOHN BESSERT, BRIAN SCHRAA, JOHN LENZ, JENNIFER SRNKA, and STEVE SCHMIDT,

         Defendants.

Case No. 17-CV-360-JPS

**ORDER**

  Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. (Docket #1). The Court screened Plaintiff's complaint and allowed her to proceed on two Eighth Amendment claims against Defendants Dr. Craig Blumer ("Dr. Blumer"), Darryl Franklin ("Franklin"), Edward Kremer ("Kremer"), Lindsay Danforth ("Danforth"), Jennifer Srnka ("Srnka"), John Bessert ("Bessert"), Brian Schraa ("Schraa"), Gerald Lennop ("Lennop"), Michael Helmeid ("Helmeid"), and John Lenz ("Lenz"). (Docket #14 at 12). Defendants answered the complaint, *see* (Docket #18), and shortly thereafter, Plaintiff timely filed an amended complaint, *see* (Docket #19); *see also* Fed. R. Civ. P. 15(a)(2).

  Defendants have requested that the Court screen Plaintiff's amended complaint. (Docket #20). That request will be granted, as the Court is

required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon screening of Plaintiff's original complaint, the Court found that Plaintiff stated two claims. The first was an Eighth Amendment claim against Dr. Blumer for deliberate indifference to her serious medical need arising from her gender dysphoria. (Docket #14 at 9-12). The second was an Eighth Amendment claim against Franklin, Kremer, Danforth, Srnka, Bessert, Schraa, Lennop, Helmeid, Lenz, and Dr. Blumer for deliberate indifference to her serious medical need arising from her repeated threats and attempts of suicide. *Id.*

Plaintiff's amended complaint is premised on the same operative facts as is her original complaint; she alleges that she has gender dysphoria, which Defendants failed to properly treat, and that this condition, and Defendants' actions, have caused Plaintiff to develop suicidal tendencies, which Defendants also failed to treat. *See* (Docket #19). Her amended complaint provides additional factual details, adds one Defendant, Dr. Steve Schmidt ("Dr. Schmidt"), and purports to add two claims, "sexual misconduct" and "retaliation." *Id.* at 2-4.

As to the newly-named Defendant, Dr. Schmidt, Plaintiff alleges that he is a supervisor in the psychological unit at Waupun Correctional Institution ("WCI"). *Id.* at 5. Plaintiff is currently incarcerated at WCI, and it appears that she was previously incarcerated at WCI before being moved

to the Wisconsin Resource Center, where most of the events of the complaint took place. *Id.* On March 31, 2016, she was seen by a clinician at WCI, Bonnie Halper ("Halper"), who prepared a medical report documenting Plaintiff's gender dysphoria. *Id.* Halper apparently recommended that the report be sent to the "Gender Dysphoria Committee" so that the committee could consider hormone therapy for Plaintiff. *Id.* However, Halper's supervisor, Dr. Schmidt, did not forward the report. *Id.* According to Plaintiff, this caused a significant delay in her being evaluated for, and receiving, treatment for gender dysphoria. *Id.* The delay caused her condition to "get worse," and she experienced "depression, pain, and suicidal attempts." *Id.*

Plaintiff's allegations are sufficient to state a claim against Dr. Schmidt for deliberate indifference to her serious medical need related to her gender dysphoria. To state a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) an objectively serious medical condition; (2) that the defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). As noted in the Court's screening of Plaintiff's original complaint, the Seventh Circuit has held that gender dysphoria is a serious medical need. *See Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011). Plaintiff's allegations that Dr. Schmidt knew about her condition when he received Halper's report and chose not to forward that information to the committee that controlled Plaintiff's treatment are, at this stage, sufficient to state a deliberate indifference claim.

The other new information Plaintiff provided in her amended Complaint—styled as claims for "sexual misconduct" and "retaliation"—

arguably amount to a claim for retaliation under the First Amendment. Plaintiff alleges that she had inappropriate sexual interactions with Srnka and reported those interactions to her therapist. (Docket #19 at 8). Plaintiff's report about Srnka apparently led prison officials to investigate Srnka pursuant to the Prison Rape Elimination Act ("PREA"). *Id.* Plaintiff believes Srnka, and the other named Defendants (apart from Dr. Schmidt, whose name is not mentioned in or around these allegations), were upset that she reported Srnka and retaliated by causing Plaintiff to be removed from the "DBT" therapy she had been receiving and by ignoring her suicidal tendencies. *Id.* at 6, 8.

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). In this case, Plaintiff alleges that Defendants took adverse action against her, by removing her from needed therapy, shortly after Plaintiff made a PREA report about Srnka. The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The chronology provided in Plaintiff's amended complaint arguably presents a colorable claim of retaliation; therefore, the claim survives screening under § 1915A. *See Zimmerman*, 226 F.3d at 574 (reversing district court's dismissal on screening because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act").

Therefore, the Court finds that Plaintiff may proceed on the two claims described in the Court's first screening order, as well as a claim under the First Amendment. In other words, Plaintiff's amended complaint

states the following claims: (1) an Eighth Amendment claim of deliberate indifference to her serious medical need arising from her gender dysphoria; (2) an Eighth Amendment claim of deliberate indifference to her serious medical need arising from her repeated threats and attempts of suicide; and (3) a First Amendment claim for retaliation.

Finally, Plaintiff has filed a motion for an injunction in which she states that she believes Defendants have destroyed or withheld records relevant to her case. (Docket #10). She asks the Court to enjoin Defendants from destroying or withholding evidence. *Id.* at 1. Plaintiff's motion is accompanied by one document purporting to be a request for records and another that appears to be a record relating to her treatment. *Id.* at 2-3. Plaintiff's motion is premature and must be denied at this time. Following entry of this Order, the Court will enter a Scheduling Order that explains, among other things, the discovery process both parties may use to collect evidence in support their cases. Plaintiff may serve discovery requests on Defendants, and if, after receiving responses to those requests, Plaintiff still believes that relevant records or other evidence is missing or fabricated, she may file a discovery motion that conforms with the federal and local rules.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #19) be and the same is hereby **ACCEPTED** and is now the operative complaint in this matter;

**IT IS FURTHER ORDERED** that Defendants' motion for the Court to screen the amended complaint (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an injunction (Docket #10) be and the same is hereby **DENIED**;

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

IT IS FURTHER ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order; and

IT IS FURTHER ORDERED that a copy of this Order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge