# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,

            Plaintiff,

v.

CRAIG BLUMER, SGT. DARRYL FRANKLIN, EDWARD KREMER, GERALD LENNOP, MICHAEL HELMEID, LINDSAY DANFORTH, JOHN BESSERT, BRIAN SCHRAA, JOHN LENZ, JENNIFER SRNKA, and STEVE SCHMIDT,

            Defendants.

Case No. 17-CV-360-JPS
7th Cir. Case No. 19-1619

**ORDER**

    The plaintiff, a prisoner proceeding *pro se*, brought this action alleging that her civil rights were violated. On March 26, 2019, the Court dismissed this action pursuant to the defendants' motion for summary judgment. (Docket #76 and #77). On April 4, 2019, the plaintiff filed a notice of her intent to appeal that ruling. (Docket #78). On April 4, 2019, the plaintiff filed a motion to proceed on her appeal without prepayment of the filing fee, or *in forma pauperis*. (Docket #80).

    Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it

to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee ("IPFF") of twenty percent of the average monthly deposits to the prisoner's prison account or average monthly balance in the prisoner's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required from the agency in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

The plaintiff may not proceed without prepayment of the filing fee on appeal, though, if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

In this case, the plaintiff's appeal is not taken in good faith, and therefore her motion to proceed *in forma pauperis* must be denied. The plaintiff offers no grounds for appeal in her notice of appeal or in her instant motion, other than to say she is appealing the Court's "entire judgment and

order." *See* (Docket #78 at 1). She does not point to any specific error of law or fact that she believes the Court made in dismissing her case. No reasonable person could suppose that the instant appeal has merit without knowing what is being appealed or why.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to the plaintiff regarding proceedings before the Seventh Circuit. The plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives her permission to do so. The plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of her motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If the plaintiff requests review by the Seventh Circuit, she must include an affidavit and statement of issues she intends to present on appeal, pursuant to Fed. R. App. P. 24(a). She must also provide a copy of this order, in addition to the notice of appeal she previously filed. If the plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of her motion; instead, it may require the plaintiff to pay the full filing fee before it considers her case. Failure to pay a required fee may result in dismissal of the appeal.

Finally, the plaintiff has also filed a motion requesting to proceed on the original record without including an appendix. (Docket #82). That request must be directed to the Seventh Circuit. The motion filed in this Court will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #80) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed on the original record without an appendix (Docket #82) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge